UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

March 31, 2021

LETTER TO COUNSEL

    RE:    *Marzell A. v. Saul*
               Civil No. DLB-20-261

Dear Counsel:

On January 30, 2020, plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF 1. I have considered the parties' cross-motions for summary judgment. ECF 12 ("Pl.'s Mot."); ECF 13 ("Def.'s Mot."). I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the denial if the SSA employed correct legal standards and made findings supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Plaintiff filed her SSI claim on July 18, 2016, and her DIB claim on December 21, 2016, alleging an onset date of June 16, 2016. Administrative Transcript ("Tr.") 206-11, 212-13. The SSA denied her claims initially and on reconsideration. Tr. 95-96, 127-28. An Administrative Law Judge ("ALJ") held a hearing on July 19, 2018. Tr. 38-74. Following the hearing, the ALJ determined plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 10-31. Because the Appeals Council denied plaintiff's request for review, the ALJ's decision constitutes the final, reviewable decision of the SSA. Tr. 1-3; *see Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); 20 C.F.R. § 422.210(a).

The ALJ found plaintiff severely impaired by "obesity; degenerative disc disease; C5-7 disc space narrowing; obstructive sleep apnea; depression[,] and anxiety." Tr. 15. Despite these impairments, the ALJ determined plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she can occasionally climb ramps, stairs, ladders, ropes, or scaffolds. She can

*Marzell A. v. Saul*
Civil No. DLB-20-261
March 31, 2021
Page 2

> occasionally balance, stoop, kneel, crouch, and crawl. The claimant can perform simple, routine, and repetitive tasks.

Tr. 20. After considering the testimony of a vocational expert ("VE"), the ALJ determined plaintiff could not perform her past relevant work as a mover helper but could perform jobs that exist in significant numbers in the national economy. Tr. 28-30. Therefore, the ALJ concluded plaintiff was not disabled. Tr. 31.

On appeal, plaintiff makes three arguments: that (1) the ALJ's decision runs afoul of the Fourth Circuit's reasoning in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015), because the ALJ failed to account for plaintiff's moderate limitation in concentration, persistence, or pace ("CPP") in the RFC determination; (2) the ALJ erred in relying on the medical opinion of a physician who did not review the entire record; and (3) the ALJ's RFC assessment failed to comply with the requirements of SSR 96-8p, 1996 WL 374184 (July 2, 1996), and SSR 85-15, 1985 WL 56857 (1985). Pl.'s Mot. at 4-5. I agree the ALJ's decision does not comply with *Mascio*'s holding. Accordingly, I remand, but I express no opinion as to plaintiff's ultimate entitlement to benefits.

The Fourth Circuit in *Mascio* remanded for, as pertinent to this case, the inadequacy of the ALJ's RFC assessment with respect to the plaintiff's "moderate difficulties" in CPP. 780 F.3d at 638. CPP is one of four broad, functional areas an ALJ must consider when evaluating a claimant's mental impairments.[1] 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(A)(2)(b); *see* 20 C.F.R. §§ 404.1520a, 416.920a (explaining the "special technique" for evaluating the severity of a claimant's mental impairments). The ALJ assesses the extent to which the claimant's impairment "interferes with [her] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 404.1520a(c)(2), 416.920a(c)(2). The ALJ then rates a claimant's degree of limitation in the four areas using a five-point scale: none, mild, moderate, marked, or extreme. *Id*. §§ 416.920a(c)(4). A moderate limitation signifies the claimant's "fair" abilities in the relevant functional area. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(F)(2)(c).

In *Mascio*, the ALJ found the plaintiff moderately limited in CPP but confined the plaintiff's nonexertional RFC only to "unskilled work." 780 F.3d at 637-38. The Fourth Circuit remanded, holding an ALJ does not summarily account for a moderate CPP limitation by restricting a claimant to "simple, routine tasks or unskilled work…[because] the ability to perform simple tasks differs from the ability to stay on task." *Id*. at 638; *see Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in CPP did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Mascio*, 780 F.3d at 638.

---

[1] Three other functional areas also require assessment: (1) the ability to understand, remember, or apply information; (2) the ability to interact with others; and (3) the ability to adapt or manage oneself. 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(A)(2)(b) (the "paragraph B" criteria).

*Marzell A. v. Saul*
Civil No. DLB-20-261
March 31, 2021
Page 3

> Here, the ALJ applied the special technique and found plaintiff moderately limited in CPP:
>
> With regard to concentrating, persisting, or maintaining pace, the claimant has a *moderate* limitation.  The claimant previously reported that she is able to pay attention and finish what she starts.  She also reported that she is able to follow written or spoken instructions depending on whether she can read or understand the person giving them.  However, at the hearing, she testified that she often becomes sidetracked from what she meant to do.  As mentioned above, a consultative psychological examination performed in May 2017 revealed a normal MMSE score of 28 out of 30.  The claimant was able to follow a three-step instruction but was unable to spell "world" backward.  Her other recorded mental status examinations reflect normal attention and concentration findings.

Tr. 19 (emphasis in original) (internal citations omitted).  Despite this finding, the ALJ limited plaintiff's RFC determination to, as relevant here, "simple, routine, and repetitive tasks."  Tr. 20.  Plaintiff maintains the ALJ erred in failing to account for her moderate CPP limitation, pursuant to *Mascio*.  Pl.'s Mot. at 6-7; 780 F.3d at 638.  The Commissioner disagrees and argues the ALJ sufficiently discussed the record evidence.  Def.'s Mot. at 5-7.  The Commissioner argues the present case is analogous to *Shinaberry* because "the mental limitations here account for [p]laintiff's particular difficulties."  Def.'s Mot. at 7; *see* 952 F.3d 113.  The Commissioner argues the ALJ adequately accounted for plaintiff's moderate CPP limitation because he referenced (1) plaintiff's conservative mental health treatment history and normal mental status examinations, (2) the consultative psychological examiner's report, (3) the medical opinion of plaintiff's treating psychiatrist, and (4) the medical opinion of the consulting psychologist at the reconsideration level.  Def.'s Mot. 6-7.  Because I disagree with the Commissioner that the ALJ's discussion of these four components of plaintiff's treatment records "explain why [plaintiff's] moderate limitation in [CPP] does not translate into a limitation in [plaintiff's] [RFC]," remand is appropriate.  *See Mascio*, 780 F.3d at 638.

First, the ALJ's observations of plaintiff's conservative mental health treatment history and normal mental status examinations do not explain how plaintiff can be expected to maintain CPP with a limitation to "simple, routine, and repetitive tasks."  *See* Tr. 27.  The ALJ concluded, after applying the special technique, that plaintiff is moderately limited in CPP.  Tr. 19.  Thus, the ALJ's recitation of evidence he did—or should have—considered when assessing the severity of plaintiff's mental impairment does not explain how, this severity notwithstanding, plaintiff could be expected to maintain CPP while confined to simple, routine, and repetitive tasks.  *See Brocato v. Cmm'r, Soc. Sec. Admin.*, No. SAG-16-2540, 2017 WL 3084382, at *3 (D. Md. July 19, 2017) ("Without further explanation, I am unable to ascertain whether the ALJ truly believed Ms. Brocato to have moderate difficulties in [CPP], instead of mild, or no difficulties, and how those difficulties restrict her RFC to [simple tasks]….").

Second, the ALJ's discussion of the consultative examiner's report does not explain how plaintiff could be expected to maintain CPP while confined to "simple, routine, and repetitive tasks."  *See* Tr. 20, 694-700.  The ALJ gave "great weight to [the examiner's] opinion regarding [plaintiff's] ability to understand and carry out a task, as this [was] generally consistent with

[plaintiff's] conservative treatment history, her largely normal mental status examinations, and her reported activities of daily living." Tr. 28. The examiner's report may substantially support the ALJ's finding that plaintiff is capable of task completion. Yet, the Fourth Circuit counseled in *Mascio* that "the ability to perform simple tasks differs from the ability to stay on task." 780 F.3d at 638. Consequently, the examiner's medical opinion, which does not discuss plaintiff's ability to *maintain CPP* while confined to "simple, routine, and repetitive tasks," does not provide substantial support for the ALJ's RFC determination given plaintiff's moderate CPP limitation.

Third, the ALJ's discussion of plaintiff's treating psychiatrist's medical opinion does not explain how plaintiff can be expected to maintain CPP while confined to "simple, routine, and repetitive tasks." *See* Tr. 28. The ALJ assigned "little weight" to the psychiatrist's "opinions regarding [plaintiff's]…ability to stay on task." Tr. 28. The ALJ still considered the opinion in his decision:

> Nonetheless, I have still limited [plaintiff] to work involving simple, routine, and repetitive tasks to account for her reports of difficulty with reading, occasional distractibility, and diffuse body pain and fatigue that would further affect her ability to concentrate, persist, and maintain pace during an average workday.

Tr. 28. Nothing in plaintiff's treating psychiatrist's opinion, however, explains how plaintiff could be expected to maintain CPP while confined to "simple, routine, and repetitive tasks." *See* Tr. 979-82. Accordingly, in light of plaintiff's moderate CPP limitation, this medical opinion does not substantially support the ALJ's RFC determination.

Fourth, the medical opinions of the consulting psychologist at the reconsideration level, Dr. May, and the ALJ's discussion of Dr. May's opinions do not explain how plaintiff could be expected to maintain CPP while restricted to "simple, routine, and repetitive tasks." *See* Tr. 27; *see* Tr. 107-09, 122-24. In the narrative discussion sections addressing plaintiff's CPP limitations, Dr. May wrote: "[Plaintiff] can carry out very short & simple instructions, can do so within a reasonable time frame, can make simple work-related decisions. She will have difficulty carrying out detailed/complex instructions and maintaining attention/concentration for extended periods." Tr. 108-09, 123-24.

The ALJ assigned Dr. May's opinions "great weight" and found the opinions generally consistent with the record. Tr. 27. The ALJ acknowledged that Dr. May found plaintiff is moderately limited in her ability to maintain attention and concentration for extended periods. Tr. 27; *see* Tr. 108-09, 123-24. Further, the ALJ quoted the "additional explanation" Dr. May appended to the opinions: "[Plaintiff] will perform optimally in short & simple tasks and in work environments characterized by minimal novelty." Tr. 27; *see* Tr. 109, 124.

The Commissioner points to Dr. May's appended explanation as substantial evidence supporting the ALJ's decision to confine plaintiff to "simple, routine, and repetitive tasks." Def.'s Mot. at 6; *see* Tr. 20. The Commissioner, however, misquotes Dr. May's opinion. *See* Def.'s Mot at 6; Tr. 109, 124. The Commissioner wrote that "[t]he ALJ considered [Dr. May's] medical

opinion…that [p]laintiff is able to 'perform optimally in short & simple tasks in work environments characterized by minimal novelty' despite…'moderate' difficulties in her abilities to maintain attention and concentration and complete a normal workday or workweek." Def.'s Mot. at 6 (citing Tr. 108-09). The Commissioner's characterization of Dr. May's opinions, however, implies a connection between plaintiff's ability to complete simple tasks and inability to sustain attention and concentration that Dr. May himself did not make. Further, the Commissioner implies a connection that the Fourth Circuit made clear does not inherently exist. *See Mascio*, 780 F.3d at 638 ("…the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace.").

First, Dr. May did not write that plaintiff could perform "optimally in short & simple tasks" "despite" her CPP difficulties. *See* Tr. 108-09, 123-24. Rather, Dr. May wrote, as relevant here, that plaintiff "can carry out very short & simple instructions, can do so within a reasonable time frame, [and] can make simple work-related decisions." Tr. 108, 123. Dr. May then wrote that plaintiff "will have difficulty carrying out detailed/complex instructions *and* maintaining attention/concentration for extended periods." Tr. 108-09, 123-24 (emphasis added). Plaintiff's ability to complete a short, simple task does not explain how she can be expected to maintain attention or concentration for extended periods. The Fourth Circuit in *Mascio* made clear that an ability to complete simple tasks may be consistent with an inability to stay on task over time. 780 F.3d at 638.

Second, Dr. May did not write that plaintiff can perform optimally in short and simple tasks "in" work environments with minimal novelty. *See* Tr. 108-09, 123-24. Dr. May wrote that plaintiff "will perform optimally in short & simple tasks *and* in work environments characterized by minimal novelty." Tr. 109, 124 (emphasis added). To the extent the Commissioner argues plaintiff's ability to complete simple tasks "in" work environments implies her ability to work 40-hour days, five days per week on simple tasks, I note that Dr. May's opinion does not state as much. The appended explanation instead states plaintiff can "perform optimally in short & simple tasks." Tr. 109, 124. Dr. May further opined plaintiff can "perform optimally…in work environments characterized by minimal novelty." Tr. 109, 124. Plaintiff's performance "in" short, simple tasks—even if "optimal"—does not explain her performance across tasks or over extended periods, as the Fourth Circuit made clear in *Mascio*. 780 F.3d at 638.

Finally, I disagree with the Commissioner that the instant case is analogous to *Shinaberry*. *See* Def.'s Mot. at 7; 952 F.3d at 113. In *Shinaberry*, the ALJ's decision discussed evidence that Shinaberry was "moderately limited in performing complex tasks" due to her sole severe mental impairment, "borderline intellectual functioning." 952 F.3d at 122. Shinaberry's consultative examiner, who assessed her functioning and concluded she "would have limits in her ability to complete a workweek in a job requiring reading and math calculation…because of her weakness in her processing skills[,]…further opined that her concentration and task persistence were adequate." *Id.* Thus, the ALJ explained, by citing substantial evidence, that an RFC limited to "simple, routine, and repetitive tasks" accounted for Shinaberry's moderate CPP limitation, which stemmed from her inability to persist through complex tasks. *Id.* at 120. In contrast, here the ALJ

*Marzell A. v. Saul*
Civil No. DLB-20-261
March 31, 2021
Page 6

did not discuss evidence in the record that indicated plaintiff could maintain CPP while confined to simple tasks. Rather, the only opinion arguably discussing the two in tandem specifically contained an opinion that plaintiff "will have difficulty…maintaining attention/concentration for extended periods." Tr. 108-09, 123-24. Because the ALJ found plaintiff moderately limited in CPP, confined her RFC determination to "simple, routine, and repetitive tasks," and did not explain why her "moderate limitation in [CPP]…[did] not translate into a limitation in [her RFC,]" remand is necessary. *Mascio*, 780 F.3d at 638.

Finally, because I remand this case for the ALJ's failure to explain the RFC determination, I do not decide whether the ALJ erred by relying on the state agency physician's opinion or otherwise properly assess plaintiff's RFC. The ALJ may consider these arguments on remand.

For the reasons set forth herein, plaintiff's motion for summary judgment, ECF 12, is denied, and the Commissioner's motion for summary judgment, ECF 13, is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is reversed in part due to inadequate analysis. The case is remanded for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

                Sincerely yours,

                /s/

                Deborah L. Boardman
                United States Magistrate Judge